76  227
108  258

MARY HARRIS v. THE DETROIT CITY RAILWAY COMPANY.

*Negligence—Evidence—Exclamations of pain—Argument of counsel—Error without prejudice.*

1. Exclamations of pain made by an injured person are competent and relevant testimony in a suit to recover damages for such injuries.

2. Questions calling for *facts* which fell under the *personal* observation of witnesses not physicians or surgeons, tending to show the physical condition of an injured person, are proper in a suit to recover damages for the alleged negligent infliction of such injuries.

So *held*, where witnesses were asked to describe the situation of the plaintiff as they saw her the day after the injury, and to state if they could form a judgment whether she *had* the full use of her arm, and whether she was able to work during this time, and if, from what they had seen of plaintiff, they could state whether she *has* the full use of her left arm.

3. A statement by plaintiff's counsel in his argument to the jury in a negligence case, that "we know that the accident occurred, from defendant's own agent," although not warranted by the testimony, is not prejudicial error where the *fact* of the occurrence of the accident is not disputed.

Error to Wayne. (Gartner, J.) Argued June 21 and 25, 1889. Decided July 11, 1889.

Negligence case. Defendant brings error. Affirmed. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*Brennan & Donnelly* and *Sidney T. Miller*, for appellant.

*Atkinson, Carpenter, Brooke & Haigh*, for plaintiff.

CHAMPLIN, J. Plaintiff recovered a judgment in the court below for damages occasioned by the negligence of defendant in starting its street-car while plaintiff was in the act of alighting, by which she was thrown to the ground and injured. After her injury she was conducted to the house of Margaret Dwyer, who testified that—

"There was a lump raising on her wrist."

She was then asked:

"Did she make any exclamations of pain? State what her exclamations of pain were."

Both questions were objected to as incompetent and irrelevant; not being part of the *res gestæ*. The objections were rightly overruled. 1 Greenl. Ev. § 102; *Johnson v. McKee,* 27 Mich. 471; *Elliott v. Van Buren,* 33 Id. 52; *Mayo v. Wright,* 63 Id. 40 (29 N. W. Rep. 834); 5 Amer. & Eng. Cyclop. Law, 361.

Witnesses for the plaintiff were asked the following questions:

"Describe her situation as you saw her there."

This referred to the day after the alleged injury.

"From what you have seen, laying aside altogether what she has said to you, can you form a judgment whether she has had the full use of her arm?"

"Can you state whether she was able to work during this time?"

"Now, from what you have seen of her, can you state whether she has the full use of her left arm?"

The questions were permitted, against defendant's objections, to be put to witnesses who were not physicians or surgeons. These questions did not call for opinions, but for facts which fell under the observation of the witnesses, and were proper, under the rule laid down in *Elliott v. Van Buren,* 33 Mich. 53.

Error is assigned upon certain remarks made by counsel for plaintiff in his closing argument to the jury; but we do not think they were of sufficient gravity to call for a reversal of the judgment.

It appeared from the cross-examination of one of defendant's witnesses that one Pigeon was the conductor of the car at the time of the alleged accident,—the capacity of conductor and driver being united in the same person,—and that the whereabouts of Pigeon was unknown to the defendant. It also appeared from such cross-examination that it was the practice of defendant company to take the statement of its servants and employés respecting any accident that occurred upon its lines of railway, and that they had taken Pigeon's statement, although not signed by him, respecting the occurrence involved in this suit. Its production was not requested by plaintiff's counsel, and it was not in evidence.

During the course of Mr. Atkinson's argument to the jury, he made the statement that the conductor, Pigeon, made a report to the company as to how the accident occurred, and the following colloquy ensued:

" *Mr. Brennan.* I raise the point that that report would not be evidence. I submit that it is not proper argument to the jury.

" *The Court.* Very well, you may take an exception to that remark.

" *Mr. Atkinson.* There is evidence of a report having been made. I am of the impression that that would be a proper statement to make." Exception for defendant.

" *Mr. Atkinson.* So that we know from their own conductor that this accident did occur." Exception for defendant.

Mr. Atkinson then make the remark that the purpose of the other side in taking these exceptions was that they might carry the case to the Supreme Court, and beat the plaintiff.

" *Mr. Brennan.* I also take exception to those last remarks."

The most objectionable remark made by Mr. Atkinson was:

" So that we know from their own conductor that this accident did occur."

This statement was not warranted by the fact. The conductor had not been sworn, and no report of his had been given in evidence; and, had the occurrence of the accident been a controverted fact, the statement would have been very prejudicial.

But the fact that the accident occurred was not disputed. It was testified to by witnesses of both parties, and hence the error complained of was not, and could not have been, prejudicial. The main questions of contention were those of the negligence of defendant, and the contributory negligence of plaintiff. Upon these there was testimony upon both sides, and they were left to the jury upon instructions more favorable to defendant than it was entitled to.

The judgment is affirmed.

The other Justices concurred.