E. C. BLAIR, Appellee, v. MADISON COUNTY, Appellant.

1. **Personal Injury:** CARLISLE LIFE TABLES AS EVIDENCE. Where in an action to recover damages for a personal injury the evidence is conflicting as to the permanency of the injury sustained, the Carlisle life tables may properly be received in evidence for the consideration of the jury in case they find the injury to be permanent.

2. ———: EXPERT TESTIMONY: PHYSICIAN. The question, put to a physician who had examined the plaintiff, whether his statement of plaintiff's injuries and symptoms, and the absence of external appearance of injury, were "consistent with his medical books" is not objectionable on the ground that the medical books are the best evidence of their contents.

| 81 | 313 |
| 88 | 629 |
| 81 | 313 |
| 90 | 10 |
| 81 | 313 |
| 94 | 696 |
| 81 | 313 |
| 98 | 573 |
| 81 | 313 |
| f107 | 521 |
| 81 | 313 |
| 108 | 145 |
| 108 | 231 |
| 81 | 313 |
| 114 | 66 |
| 81 | 313 |
| 115 | 459 |
| 81 | 313 |
| 117 | 733 |
| 81 | 313 |
| 135 | 37 |
| 135 | 274 |

3.    ———— : EVIDENCE. The testimony of a witness as to complaints
of pain or disease made by the plaintiff a week after the accident
in which his injury was sustained is competent to show the con-
dition of plaintiff's health, and the permanency of the injury
received.

4.    ———— : ————. Where the record fails to disclose what were the
facts sought to be elicited by questions to which objections were
sustained in the trial court, the supreme court will presume that
the evidence was rightly rejected.

5.    ———— : ————. Where the evidence upon the material issues in
a cause is conflicting, the verdict of the jury will not be disturbed.

6.    ———— : INSTRUCTION. The refusal of the trial court to give to the
jury an instruction asked, the substance of which is embodied in
other instructions given by the court, is not erroneous.

7.    ———— : MISCONDUCT OF COUNSEL IN ARGUMENT : PRACTICE. The use
of improper language by counsel in argument to a jury will not
constitute ground for the reversal of the judgment of the trial
court on appeal when no objection was taken thereto in the court
below, nor any instruction asked correcting the error.

8.    ———— : NEW TRIAL : NEWLY-DISCOVERED EVIDENCE. Newly-dis-
covered evidence which is merely cumulative will not entitle a
party to a new trial.

9.    Assignment of Errors. A general assignment of error directed
to the court's charge to the jury as a whole, without specifying the
particular errors complained of, will not entitle a party to have
considered the error contained in any single instruction.

*Appeal from Madison County District Court.*—HON.
J. H. HENDERSON, Judge.

FRIDAY, OCTOBER 24, 1890.

ACTION to recover for personal injuries to plaintiff
from a fall from his horse, caused by a defect in the
floor of a county bridge, over which plaintiff was at the
time riding. There was a judgment on a verdict for
plaintiff. The defendant appeals.

*Eli Wilkin, John Guiher* and *John Leonard &
Son,* for appellant.

*A. R. Dabney* and *T. C. Gilpin,* for appellee.

BECK, J.—I.  Plaintiff, a young man, then twenty-two years of age, while riding over a county bridge, was thrown from his horse by reason of the animal stepping through a hole in the floor of the bridge.  This action is brought to recover the damages he sustained from the injuries he thus received, which he claims were severe and permanent.  The facts of the case will be stated so far as is necessary for a correct understanding of the questions involved, and the ground of the decision thereon in connection with the discussion of these questions.

II.  The Carlisle life tables were admitted as evidence against objections made by defendant's counsel.

1. PERSONAL injury : Carlisle life tables as evidence.

It is now insisted that they should have been excluded for the reason "that the evidence is clear and conclusive that there was no permanent injury."  But this view of the evidence is incorrect.  The most that can be said on the point is that the evidence is conflicting.  It was the province of the jury to settle the conflict.  If they found that plaintiff's injury was permanent, the life tables were to be considered.

III.  A physician who had just made an examination of plaintiff was asked whether his statement as to the injuries and his symptoms, and the absence of external appearance of injury,

2. —— : expert testimony : physician.

were " consistent with his medical books."  The question was objected to, on the ground that "the medical books are the best evidence of their contents."  The question does not call for evidence as to the contents of medical books.  It, in effect, seeks the opinion of the witness, who being a physician was qualified to give it, upon the question, whether the science of medicine, which is taught in the "medical books," would authorize the conclusion that plaintiff could have the symptoms of which he complained, in the absence of external appearances of injury ; or, in other words, whether, in his opinion as a medical man, the real symptoms would be manifest in

the absence of "external appearances of injury." The question sought to elicit an opinion upon a matter which the witness, as an expert, could properly express.

IV.  A witness was asked to state what complaint of pain or disease plaintiff made about a week after the accident.    It is now insisted that, as plaintiff's complaints "were no part of the *res gestæ*, they were not admissible.    They were not admitted on that ground, but for the reason that his complaints of pain or disease were competent to show the condition of his health, which was in issue under his claim that he was severely and permanently injured. The statements or declarations of the plaintiff were properly shown in evidence.    1 Greenl. Ev., sec. 102.

*3. —: evidence.*

V.  Questions were asked a witness intended to elicit evidence as to statements made by a bridge-builder in regard to the bridge, and as to the fact whether the bridge-builder had made a report as to the sufficiency of the floors.    Objections to the questions were sustained.    It is not shown in the abstract what statements and facts were proposed to be proved by the evidence sought by the questions.    It is, therefore, not shown that the proposed evidence is competent.    In the absence of such showing, we are requested to exercise the presumption that the court rightly rejected the evidence upon information as to its purport showing it to be incompetent.

*4. THE same.*

V.  Counsel for the defendant insist that the evidence fails to show that plaintiff was injured at all by the accident ; that he was not himself negligent ; that it does show that defendant had no notice of the defects in the bridge, and that plaintiff failed to use reasonable means to effect a cure ; and that the evidence does not show defendant's negligence, nor the extent of plaintiff's disability by reason of the injury.    All that can be said as to the evidence on these points is that it was conflicting.    It was for the jury to decide upon this conflict.    It cannot be said that their verdict is so without the support of evidence that it ought to be set aside.

*5. THE same.*

VII. The defendant asked an instruction, which was refused, to the effect that, if an examination of the bridge by a competent person, and a report that it was safe for a reasonable time, had been made, defendant would not be negligent until that time expired, unless some member of the board of supervisors had been notified of its dangerous condition, and defendant had neglected in a reasonable time to make an examination of its condition. An instruction was given substantially to the same effect. It was not error to refuse to repeat it.

*6. ——: instruction.*

VIII. It is shown by a bill of exceptions that one of the counsel for plaintiff in the closing argument made a statement as to the views of "one of the heaviest taxpayers of the county," to the effect that plaintiff ought to recover; that defendant had attemped to defeat plaintiff's case by the evidence of criminals; that the county is wealthy,—and other equally improper statements and allusions, with taunts and offensive allusions to counsel on the other side. This manner of argument must always be condemned, and ought never to be permitted. We do not know of any circumstances which would justify it, though it may sometimes be palliated on the ground that it was indulged in as a defense or reply to the same kind of argument first used by the other party,—a kind of hurling back of foul weapons, only sufficiently poisonous to irritate without destroying. While this would not justify the use of such prohibited missiles of forensic warfare, it is to some extent a palliation of the offense. It ought to be said, in justification of the judge trying this case, that much of the time during this argument he was in another room, adjoining the court room, preparing instructions, and did not hear some of the objectionable remarks, and that counsel on the other side made at the time no objection to the language now complained of, and in no way called the court's attention thereto, nor asked that the offensive and unlawful arguments be arrested. Counsel for defendant remained entirely quiet until after the verdict,

*7. ——: misconduct of counsel in argument: practice.*

when all the injury, if any, had been done. Objection could have been raised while the unlawful argument was being made, indeed, upon its very commencement. We have no doubt that thereupon it would have been arrested by the court below. If it had still been permitted, this court would have sent the cause back for another trial, in accord with the rules of the law. Counsel should unite with the courts in endeavors to overthrow this practice and frontier style of trials, and sustain methods and manners in accord with the better civilization of the day. But, as the record shows that no objections and exceptions were made and taken at the time when the unlawful argument of defendant's counsel could have been arrested, and no instruction asked by defendant to correct the error, and avert injury and prejudice resulting therefrom, under the peculiar facts of the case, we ought not to reverse the judgment of the court below on the ground of the improper conduct of counsel.

IX. A motion for a new trial was based upon the ground, among others, of newly-discovered evidence.

8. ——: new trial: newly-discovered evidence. It is sufficient to say that, as the new evidence was cumulative, the motion was rightly overruled.

X. It is insisted that an instruction given by the court to the jury is erroneous. But the assignment of

9. ——: assignment of errors. errors is directed against all the instructions given by the court *en masse*, without specifying the particular errors complained of by counsel. Such an assignment is in violation of the statute, and will not permit a review of an instruction assailed in argument. Code, sec. 3207 ; *Moffat v. Fisher*, 47 Iowa, 474.

The foregoing discussion disposes of all questions in the case. The judgment of the court below is AFFIRMED.