## THE CITY OF BLOOMINGTON

### v.

### ELIZABETH OSTERLE.

*Filed at Springfield November 2, 1891.*

1. SIDEWALK—*defect, how proven.* In a suit against a city for an injury received from a defective sidewalk, where the defect in the walk is alleged to be that the stringers were rotten and decayed, so as not to hold the nails fastening the boards to them, that allegation may be supported by proving the condition of the walk within a reasonable time after the accident,—and two weeks is not an unreasonable time.

2. EVIDENCE—*in an action for personal injury—complaint as to pain and suffering.* In an action for personal injuries, evidence of the plaintiff's complaint as to pain and suffering is competent, on behalf of plaintiff. The weight of such testimony is for the jury.

3. SAME—*deposition taken by plaintiff read by defendant—right to contradict.* Where the deposition of a witness taken by the plaintiff is read in evidence by the defendant, the person whose deposition has been so taken and read will not be the witness of the plaintiff, who will have the same right to contradict such witness as any other witness introduced by the defendant.

4. POOR PERSON—*prosecuting as—same rights as other litigants.* The fact that a plaintiff is allowed to prosecute her suit as a poor person can not be made the ground of refusing her the same rights guaranteed to other parties litigant by the statute allowing amendments.

5. PRACTICE IN SUPREME COURT—*considering error not preserved on trial, and not assigned on the record.* The propriety of allowing a plaintiff prosecuting as a poor person to amend her declaration during the trial can not be considered in this court, when it is not made a ground for a new trial in the trial court, and is not assigned for error on the record.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. A. E. DEMANGE, and Mr. SAIN WELTY, for the appellant:

The court improperly allowed the plaintiff, who was prosecuting as a poor person, to amend her declaration after a large

amount of costs had been made.   The court has the power to allow amendments, but they are allowable only in furtherance of justice.   *Railroad Co.* v. *Todd,* 91 Ill. 71.

It was error to allow plaintiff to prove her own complaints as to pain, etc., from the day of the accident to the trial. *Railroad Co.* v. *Sutton,* 42 Ill. 440; *Cottom* v. *Holliday,* 59 id. 178; *Walmsley* v. *Robinson,* 63 id. 42.

Evidence of the condition of the walk two weeks after the accident was improper.   *Chicago* v. *Stearns,* 105 Ill. 554.

It was error to allow the plaintiff to be called in rebuttal of her own witness, Dr. Hæring.

Mr. I. N. PHILLIPS, for the appellee:

The allowance of the amendment of the declaration was not error.   If appellant was taken by surprise he could have taken a continuance.

There was no error in the admission of evidence of plaintiff's complaint of pain, nor in her rebutting testimony.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court for the Third District, affirming the judgment of the circuit court of McLean county, in favor of appellee, against appellant, for $1000 and costs of suit.   The action was for a personal injury alleged to have been received by a fall on a defective sidewalk within the corporate limits of the city of Blooming-ton, which the city authorities had negligently suffered to be and remain out of repair.   The case is submitted to us on the same briefs and arguments filed in the Appellate Court.   The principal ground of reversal there urged,—*i. e.,* the verdict and judgment in the circuit court were not sustained by the evidence,—is conclusively settled against appellant by the judgment of affirmance.

The questions of law discussed by counsel for appellant are thus stated by them:

"It was, under all the circumstances surrounding the case, an injustice to defendant to permit plaintiff, who was prosecuting as a poor person, to amend her declaration after the trial had commenced and a large amount of costs had been made, thus making an entirely different cause of action, and if continued on that account, doubling the costs to the defendant.

"It was error to permit every witness for plaintiff, including members of her family, to testify to the complaints of plaintiff as to pain, etc., from the day of her fall to the trial.

"It was error to permit witnesses to testify to the condition of the walk two weeks or more after the accident.

"The court erred in permitting plaintiff to be recalled, in rebuttal, to contradict the testimony of Dr. Hæring in his deposition taken by her as to her examination in March, 1888."

The first of these questions does not properly arise on the record. It was not made a ground for new trial in the circuit court, nor was it assigned for error on the record. We think, however, the court properly allowed the amendment under section 24 of our Practice act. The defendant was protected against surprise by section 26 of that act. The fact that plaintiff below was allowed to prosecute her suit as a poor person, certainly could not be made the ground for refusing her the same rights guaranteed to other parties litigant by the statute allowing amendments.

Evidence of plaintiff's complaint as to pain and suffering was competent. The weight of such testimony was for the jury. (1 Greenleaf on Evidence, sec. 102.) Moreover, the record shows no objection to such testimony on the trial.

One of the averments in the declaration describing the defects in the sidewalk on which the injury occurred is, that "the stringers were rotten and decayed, so they would not hold the nails fastening the boards to them." That allegation might certainly be supported by proving the condition of the walk within a reasonable time after the accident, and it can not be said that the time within which the examination was

made in this case by witnesses who testified to that fact was unreasonable, especially when the nature of the defect alleged was one which could not have occurred between the time of the accident and the examination.

The deposition of Dr. Hæring, though taken by plaintiff below, was introduced in evidence by the defendant. He was therefore not a witness of the plaintiff, but that of her adversary. She had as much right to contradict him, if she could, as any other witness introduced by the defendant.

We find no reversible error in this record. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*