ROGERS v. FERRIS.

1. Breach of Warranty—Evidence.

In an action involving a breach of warranty on the sale of chattels, it is proper to permit the vendee to testify that he relied upon the warranty in making the purchase.

2. Witnesses—Competency.

A witness who testifies that he noticed a puff on the hind leg of a horse, which looked like a bog spavin, that he was raised on a farm with horses, has been a blacksmith for fifteen years, and has read something about spavins, is competent to testify that he does not think such a spavin would appear within a week after it was contracted, although he also testifies that he never watched one until it was fully developed, and has no practical knowledge of them.

3. Trial—Instructions to Jury.

It is proper for the court to tell the jury what the theory of each party is, and that his evidence tends to support it.

4. Appeal—Objections Not Raised Below.

An objection that there was another question for the jury to pass upon, besides those which the court told them were for their consideration, cannot be raised for the first time on appeal, under an assignment of error based on the charge as given.

5. Sale—Rescission—Evidence—Instructions to Jury.

The purchaser of a horse, in reply to a letter from the seller requesting him to come and get the animal, which he had returned to the seller, wrote the latter as follows: "I do not buy a horse at that price, and then not have any. So you have

your property, you can keep it. You told me that the mare was a beauty and a dandy, and if she wasn't right you would make her all right. That don't correspond with the heading of your letter at all." *Held*, that it was not error for the court to charge the jury, in a suit between the parties, that the buyer stated in his letter " that he would not take the horse, as he considered that there had been a breach of the warranty."

6. APPEAL—EXCEPTIONS—DUTY OF COUNSEL.

A contention that the court erred in instructing the jury that there was no evidence upon a certain branch of the case will not be considered unless the testimony in the record which is claimed to controvert the statement of the court is pointed out.

Error to Grand Traverse; Corbett, J. Submitted October 25, 1895. Decided November 19, 1895.

Replevin by Franklin Rogers against Egbert F. Ferris. From a judgment for plaintiff, defendant brings error. Affirmed.

July 2, 1894, plaintiff purchased a mare of the defendant, for which he gave three promissory notes, secured by chattel mortgage. Plaintiff claims that the defendant warranted her to be perfectly sound. Defendant admits the warranty, except as to two bunches on her hind legs. September 15th plaintiff took the mare back to the defendant, and left her in his stable, where she was treated by a veterinary surgeon, under an arrangement by which defendant agreed to keep and care for her at his own expense, and plaintiff was to pay the surgeon. In November, defendant wrote plaintiff that the mare was well, and to come and get her, to which plaintiff replied under date of November 21st, as follows:

"I will write you that I do not buy a horse at that price, and then not have any. So you have your property, you can keep it. You told me that the mare was a beauty and a dandy, and if she wasn't right you would make her all right. That don't correspond with the heading of your letter at all."

Meanwhile the first payment became due, and defendant seized the property covered by the mortgage. Plaintiff brought this suit (replévin) to recover the property, and recovered verdict and judgment in both the justice and circuit courts.

*Foster & Crotser,* for appellant.

*Turner & Gates,* for appellee.

GRANT, J. *(after stating the facts).* Plaintiff's right of recovery depends upon whether a warranty was given, and whether the mare was sound, according to its terms. Errors are assigned upon the testimony and the charge of the court.

1. It was not error to permit the plaintiff to testify that he relied upon the warranty in making the purchase. If he had not relied upon it, he could not have recovered.

2. One Schubert, a witness for plaintiff, testified that about the middle of July he noticed a puff on the right hind leg of the mare; that it looked like a bog spavin; that he was raised on a farm with horses, had been a blacksmith 15 years, and that he did not think such a spavin would appear within a week after it had been contracted. On cross-examination he testified that he had never watched one until it was fully developed, that he had read some about them, but had no practical knowledge of them. This testimony was very weak, and evidently could have had but very little, if any, weight with the jury. We cannot, however, say that he had no knowledge on the subject, and we think the court was correct in admitting it, and holding that its weight was for the jury.

3. It is insisted that the court erroneously instructed the jury as follows:

"There has been some evidence introduced for your consideration, in behalf of the plaintiff, tending to show that he took this horse back at different times, and complained to the defendant of the growth of these bunches

upon the horse's hind legs; and the fact remains undisputed that about the 15th of September he took the horse back and left it there, and did not again take possession of the horse."

It is urged that this statement is an encroachment on the province of the jury upon a point where there was a conflict of evidence. There was no conflict upon the question of his taking the horse back September 15th, leaving her there, and not again taking possession. There was a conflict as to when plaintiff first complained to defendant of the bunches. The plaintiff testified directly and positively that he took the horse to defendant at different times, and made complaint. Defendant admits that the horse was at his stable at different times between July 2d and September 15th, but contends that plaintiff made no complaint. The statement of the judge was true, and the only error was that he did not say to the jury that the defendant denied these complaints. This, however, is not the error complained of. It is entirely proper for a court to tell the jury what the theory of each party is, and that his evidence tends to support it, and it is for them to examine the evidence, and determine what the facts are upon which their verdict must be based.

4. The court said to the jury that there were but two questions for them to decide. (1) Did the defendant, at the time of the sale of the mare, warrant her to be sound? And (2) if such warranty was made, was she sound at that time? It is now insisted that there was another question for the jury to pass upon, viz., whether the agreement that the defendant should keep and care for the horse while she was being treated, and that the plaintiff should pay the surgeon's bill, was not a settlement of any defect in the warranty. It does not appear that this question was raised upon the trial, or the attention of the court called to it. The point, therefore, cannot be considered in this court.

5. The court said to the jury that plaintiff stated in

his letter of November 21st " that he would not take the horse, as he considered that there had been a breach of the warranty." We think this is the correct construction to be placed upon the letter.

6.   It is next insisted that the court erred in charging the jury that " there is no evidence in this case that the unsoundness of the horse originated from any other cause than the defects upon the hind legs of the animal." Counsel have not pointed us to any testimony in the record upon which they rely to controvert this statement of the court. It was the duty of counsel in their brief to point out such testimony, if there was any.

The judgment is affirmed.

The other Justices concurred.