[No. 4259. Decided March 25, 1903.]

B. SHEARER, *Respondent,* v. TOWN OF BUCKLEY, *Appellant.*

MUNICIPAL CORPORATIONS OF FOURTH CLASS — DEFECTIVE STREETS — LIABILITY FOR INJURIES.

A city of the fourth class is liable for injuries occasioned by a defective street, although no statute or charter expressly imposes such liability, where the exclusive control and management of its streets is granted to it, with power to raise money for their construction and repair. *Sutton v. Snohomish,* 11 Wash. 24, followed.)

SAME — INJURY TO PASSENGER IN VEHICLE — PROXIMATE CAUSE — CONTRIBUTORY NEGLIGENCE.

Where the complaint in an action for injuries alleged to have been received by reason of a defective street alleged that the defendant had knowingly permitted a hole or trench to remain open in a street without protection or notice to travelers, that it was so filled with muddy water as to conceal its real character and depth, that plaintiff, while driving a team of gentle horses, drove into said trench without fault on his part, and was thrown out of his wagon onto the tongue and whiffletrees, that the horses became frightened and dashed down the street, colliding with a tree, whereby plaintiff was thrown to the ground and received certain described injuries, it is not subject to demur-

rer, either on the ground that it shows the proximate cause of the injury as being other than the hole in the street, or on the ground that contributory negligence is shown on the face of the complaint.

SAME — NONSUIT.

The defendant is not entitled to a nonsuit in an action for personal injuries occasioned by its alleged negligence in permitting an uncovered and unprotected hole to remain in one of its streets, when it appears that the hole, although claimed by defendant as a natural depression in black, muddy soil, filled after a rain with mud and water, had been allowed to exist in the same condition for several weeks prior to the accident, located within a few feet of the main-traveled and planked thoroughfare of the town; that plaintiff, although knowing and seeing that the place was very muddy, had driven deliberately into it, claiming that he was not aware of its depth, because of its having the appearance of the level surface of standing water.

SAME — EVIDENCE — COMPLAINTS OF INJURIES.

In an action for personal injuries, complaints made by plaintiff a few days after the accident as to the nature and extent of his injuries are admissible in evidence, the weight of such testimony being for the jury to consider.

SAME — OTHER DEFECTS.

Evidence of the condition of a street, other than at the exact place of an accident, but confined to a space within a block thereof, is admissible as tending to show constructive notice on the part of defendant of the defective condition of the street at the particular point in controversy.

SAME — IMPUTED NEGLIGENCE.

Where one is riding in a conveyance at the invitation of the driver, over whom or the team the passenger has no control, and is injured because of a defect in the street, the negligence of the driver cannot be imputed to the passenger.

JUDGMENT — INCLUSION OF COSTS — RIGHT TO RETAX.

The inclusion of costs in a judgment would not constitute error, when they were stated as a separate item from the verdict, inasmuch as there was nothing to prevent a change in the amount of costs on motion to retax.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM O. CHAPMAN, Judge. Affirmed.

*A. R. Titlow,* for appellant.

*F. R. Baker,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Respondent brought this suit against appellant to recover damages on account of injuries alleged to have been received by reason of a defective street. It is alleged that on the 3d day of March, 1901, and for a long time prior thereto, in A street in the town of Buckley, in the line of travel thereon, and at or near the intersection of said street with the south line of Main street in said town, there was a large and dangerous hole or trench, of which the said town, through its officers and employees, had notice at the time and for several months prior thereto; that said town, through its said officers and employees, upon said date and for several months prior thereto, had knowingly and negligently permitted said hole or trench to remain open and without proper protection or notice to travelers, and had permitted the street at said place to become and remain out of repair and dangerous to travel; that on said date respondent, with other persons, was riding along said street in a light wagon, drawn by a team of gentle horses which were being carefully driven, and that respondent and the other persons in the wagon were wholly unaware of the existence of said hole or trench, the same being then filled and covered with muddy water; that, without any fault or negligence on the part of respondent or of the other persons in said wagon, the team and wagon were driven from the west along said Main street, and turned to go south along said A street, when the front wheels of the

wagon suddenly dropped into said hole, throwing the occupants of the wagon out, and throwing respondent upon the tongue and whiffletrees of the wagon; that the horses were thereby scared, became uncontrollable, and ran rapidly along said A street, carrying and dragging respondent for the distance of about half a block, when they collided with a tree by the side of the street, causing the neck yoke to be broken and the tongue to drop; that respondent was thereby violently thrown to the ground and against some object, whereby he was bruised, wounded, rendered unconscious, and received severe injuries, which are particularly described in the complaint. Respondent alleges his damages to be $1,000, based upon loss of time, suffering of body, and great inconvenience. No claim for damages is based upon permanent injuries. A demurrer to the complaint was overruled, and thereupon appellant answered with general denials and affirmatively alleged contributory negligence on the part of respondent and of his traveling mate, a lady who was driving the team. The trial was had before a jury, which resulted in a verdict for $325 in favor of respondent. Appellant moved for a new trial, which was denied, and judgment was entered for the amount of the verdict and for costs. This appeal is from said judgment.

It is assigned that the court erred in overruling the demurrer to the complaint. Appellant is a municipal corporation of the fourth class, and it is urged that as such it cannot be made liable for personal injuries arising from defective streets, unless there is some statute directly declaring such liability. In *Sutton v. Snohomish*, 11 Wash. 24 (39 Pac. 273, 48 Am. St. Rep. 847), the same argument was advanced by the appellant in the case as applicable to cities of the third class. The court in that case, at pages 27 and 28, said:

"It must be conceded that there is no legislative enact-
ment declaring these cities liable for such negligence as
is alleged in the complaint in this action; and it may also
be conceded that the appellant city cannot legally be made
to respond in damages for negligence in the discharge of
purely governmental duties. But it does not necessarily
follow from these propositions that the city is exempt from
liability in the present case. . . . We think that where,
as here, a city has exclusive control and management of
its streets, with power to raise money for their construction
and repair, a duty (when not expressly imposed by char-
ter) arises to the public from the character of the powers
granted to keep its streets in a reasonably safe condition
for use in the ordinary modes of travel, and that it is lia-
ble to respond in damages to those injured by a neglect
to perform such duty."

The court conceded in the above opinion that there is
want of harmony among the decisions of the courts upon
the question, but declared its belief that the weight of au-
thority is in favor of the view adopted. The principle
decided in that case is against appellant's contention here,
and makes municipal corporations of the fourth class as
liable to respond in damages for injuries from defective
streets as a city of any other class.

It is further urged under this assignment that it ap-
pears upon the face of the complaint that the negligence
of appellant in not filling up the hole in the street was not
the proximate cause of respondent's injuries. We do not
agree with appellant. We think the allegations of the
complaint which are substantially set forth above are such
that it must follow, in ordinary reasoning from cause to
effect, that the injuries received were the natural and
probable consequence of neglect to repair the street. It is
true, there was a succession of causes; but that which
started them all in motion, as shown by the complaint, was

the negligence of appellant to cause this hole to be filled. Next followed the sudden dropping of the wagon wheels into a deep and dangerous hole, the nature of which was concealed by the standing and muddy water which covered and filled it. This was followed by the natural circumstance that the team of horses, although ordinarily gentle, became frightened and ran, and respondent was thereby injured. Thus the chain of circumstances leading backward from the final effect connects directly with appellant's negligence, and it is not too remote to be called the controlling, and therefore the proximate, cause. It is also insisted that the complaint, upon its face, shows contributory negligence to such a degree that the demurrer should have been sustained. We do not think so, and we find no error in the ruling upon the demurrer.

It is next assigned that the court erred in denying appellant's motion for a nonsuit. This hole was immediately at the lower end of an apron or planked inclined way in A street, leading south from the planked driveway along Main street. The team went leisurely, traveling east along Main street to A street, and then turned and went down this incline to go south along A street. The evidence showed that the depth and extent of the depression were concealed by the standing water, and when the front wheels reached the foot of the inclined way they plunged by a sudden drop into this hole, while the rear wheels were still elevated upon the incline, and thus the occupants were suddenly thrown forward; and the evidence introduced by respondent showed that he was thrown out upon the whiffletrees, and that the horses immediately jumped and ran. It is insisted that the hole was simply a depression in black, muddy soil, filled after a rain with mud and water, due alone to the operation of nature's ele-

ments, and that appellant had no notice thereof. While no direct actual notice was traced by the evidence to any officer or employee of the town, yet there was evidence to the effect that the street at that place had been in much the same condition for some weeks prior to the time of the accident. It was located but a few feet from the main-traveled and planked thoroughfare of the town, and immediately at the end of a bridge-way leading down from it on to a street crossing this main thoroughfare. Under such circumstances, we think the municipality was charge-able with constructive notice of the defect. *Laurie v. Ballard,* 25 Wash. 127 (64 Pac. 906). It is further insisted that respondent's testimony showed that the conditions existing there were apparent, and that the team was deliberately driven into a place of obvious danger. While it did appear that he previously knew and then saw that the place was very muddy, yet it did not appear that he knew of the depth of the depression which occasioned the sudden fall of the wheels, or that he could then see how deep it was; the appearance being that of the level surface of standing water. Whether he was negligent and contributed to the injury was a question concerning which the minds of men might reasonably differ, and was for the jury to determine. *McQuillan v. Seattle,* 10 Wash. 464 (38 Pac. 1119, 45 Am. St. Rep. 799); *Steele v. Northern Pacific Ry. Co.,* 21 Wash. 287 (57 Pac. 820); *Traver v. Spokane St. Ry. Co.,* 25 Wash. 225 (65 Pac. 284); *Jordan v. Seattle,* 26 Wash. 61 (66 Pac. 114); *Burian v. Seattle Electric Co.,* 26 Wash. 606 (67 Pac. 214). We think the nonsuit was properly denied.

The next assignment of error is that the court denied the motion for new trial. A number of questions are discussed under this assignment. It is first urged that error

was committed in permitting a witness to testify as to complaints made by respondent a few days after the accident, relating to the nature and extent of his injuries. Such evidence is admissible under the following authorities: *Bloomington v. Osterle,* 139 Ill. 120 (28 N. E. 1068); *Board of Commissioners v. Nichols,* 139 Ind. 611 (38 N. E. 526); *Blair v. Madison County,* 81 Iowa, 313 (46 N. W. 1093); *Harris v. Detroit City Ry. Co.,* 76 Mich. 227 (42 N. W. 1111). In *Bloomington v. Osterle, supra,* the court, after declaring such testimony to be competent, adds: "The weight of such testimony was for the jury." We think the reason for the rule thus stated is good, and that no error was committed in admitting the evidence.

It is also insisted that error was committed in admitting testimony as to the condition of the street at other places than at the exact point where the accident is alleged to have occurred. The court announced that evidence would be heard as to the condition of the street for a time prior to the accident, confined to within a block of the point where the accident occurred, and at the same time stated that such evidence was admitted as bearing only upon the question of constructive notice to appellant, and for the purpose of showing whether the condition in the immediate vicinity was such that appellant ought to have known of the particular defect. The evidence was admitted in accord with the rule followed in *Laurie v. Ballard, supra,* and the court did not err.

A number of objections are urged to the court's instructions. We do not find it necessary to discuss them all, since we think they fairly stated the law of the case, and covered the requests for proper instructions asked by appellant. One instruction, however, presents a question which we think should be discussed. The evidence showed

that respondent, at the time of the accident was riding by invitation with a lady who had asked him to show her the way to respondent's house. The lady was driving the team. General and comprehensive instructions were given to the effect that respondent must have been free from negligence, and the following was also given:

"You are further instructed that, if you find from the evidence in this case that the plaintiff was at the time of the alleged accident riding in a wagon as a guest or companion of some other person who was driving the horses that were dragging the said wagon, and that he exercised and assumed no authority or control over the person so driving or the movements of said team, then any negligence on the part of the person so driving, if any such be shown, could not be imputed to the plaintiff."

The instructions, taken together, made it clear to the jury that there could be no recovery if the respondent himself was negligent, and the question presented by the above-quoted instruction is whether negligence of the driver can be imputed to respondent in the absence of negligence on his own part. There seems to be much lack of harmony in the decisions upon this subject. Where negligence of one riding in a private vehicle concurs with negligence of the driver, it is held that there can be no recovery, but the variance of decision arises in cases where there has been no actual negligence on the part of the person injured who was with the driver. Some courts hold that recovery cannot be had, upon the theory that the one with the driver has constituted him his agent, and that he cannot recover for the neglect of his agent. The following cases, however, hold that when one is a passenger in a private conveyance, the contributory negligence of the driver cannot be imputed to him: *Borough of Carlisle v. Brisbane,* 113 Pa. St. 544 (6 Atl. 372, 57 Am. Rep. 483); *Crampton v.*

*Ivie,* 126 N. C. 894 (36 S. E. 351) ; *Follman v. Mankato,*
35 Minn. 522 (29 N. W. 317) ; *Brannen v. Kokomo, etc.,
Co.,* 115 Ind. 115 (17 N. E. 202, 7 Am. St. Rep. 411) ;
*Philadelphia, etc., R. R. Co., v. Hogeland,* 66 Md. 149
(7 Atl. 105, 59 Am. Rep. 159).

The case of *Little v. Hackett,* 116 U. S. 366 (6 Sup. Ct.
391), strongly supports the above doctrine. It was a case
of public conveyance with a passenger for hire, and yet the
doctrine of the driver's agency was not approved. Many
cases might be cited, and many others in support of the
doctrine of imputed negligence might also be cited; but it
would probably be difficult to determine with which doc-
trine the weight of authority lies, since the courts seem to
be in hopeless discord upon the subject. The rule of the
above cases seems to us, however, to be founded in reason
and justice. Where one is simply an invited guest of a vol-
untary driver, we do not believe the latter should be held to
be such an agent of the former that the driver's negligence
should be imputed to the passenger, when the passenger
is without fault, and has no control over the driver or his
team. Especially does this seem to be right when con-
sidered in relation to one innocent of negligence, where it
appears that the accident would not have happened, even
with the negligence of the driver contributing, but for the
primary neglect of the defendant. The court's instruc-
tions, taken together, were in harmony with this rule, and
we hold that there was no error therein. The court did
not err in denying the motion for a new trial.

It is last assigned that the court erred in including in
the judgment at the time it was entered the sum of $181.40
as respondent's costs, thus rendering the judgment greater
than the amount of the verdict. Appellant contends that
the inclusion of said amount practically deprived it of its

right to move against the cost bill, since, as it alleges, it would be of no avail to move to retax costs when the judgment had already been entered therefor, and further that, though the costs might be retaxed, still the judgment would stand for the original amount, and appellant's only remedy would be to have the judgment vacated as to the amount of costs included therein.   In view of the record, we see no merit in this assignment.   The amount of costs was stated in the judgment as a separate item from the amount of the verdict, and could have been changed on motion to retax.   Moreover, appellant did move to retax costs, and the court acted upon the motion.   Presumably, the court considered all the items, and, since our attention is not called to specific ones as being incorrectly taxed, we will presume that they were properly taxed.

The judgment is affirmed.

MOUNT, ANDERS and DUNBAR, JJ., concur.