[No. 6763.   Decided June 29, 1907.]

Paul Niemciek, *Appellant*, v. The H. McCormick Lumber Company, *Respondent*.[1]

Master and Servant—Injury to Servant—Complaint—General Allegation of Negligence. A complaint in an action by a servant for negligence is good as against demurrer, where it alleges in general terms the failure of the master with respect to the performance of various specified duties, although it does not set out any detail concerning the acts complained of.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered September 10, 1906, upon sustain-

¹Reported in 90 Pac. 658.

ing a demurrer to the complaint, dismissing an action for personal injuries sustained in a sawmill. Reversed.

*Forney & Ponder*, for appellant.

*George Dysart* and *Maurice A. Langhorne*, for respondent.

HADLEY, C. J.—This is an action to recover damages for personal injuries. The defendant demurred generally to the complaint, and the demurrer was sustained. The plaintiff, having refused to plead further, stood upon his complaint. Thereupon judgment was entered dismissing the action, and plaintiff has appealed.

Inasmuch as the only question involved in the appeal is the sufficiency of the complaint, for convenience of reference we here set forth the principal paragraphs thereof in full:

"(2)   That on or about the 25th day of May, 1905, the plaintiff was in the service of the said defendant corporation, employed for the purpose of shaping cross-arms by means of a certain machine in the defendant company's mill at Mc-Cormick, Lewis county, Washington, known as a 'cross-arm shaper.'

"(3)   That it was the duty of said defendant company, at said time and place, to keep the said machine in a safe condition and properly guarded, but said defendant company wrongfully failing and neglecting to perform its duty in that respect, and wrongfully failing and neglecting to comply with the requirements and provisions of the laws of the state of Washington, did, during all the times herein mentioned, negligently and carelessly suffer and permit said machine to become out of repair, and did negligently allow the same to be and remain in a dangerous condition, and negligently and carelessly failed to properly guard the same.

"(4)   That it became and was the duty of the said defendant to furnish plaintiff a safe place in which to work, but the defendant, failing and neglecting its duty in that respect, did, at the time aforesaid, leave the shed and place in which said machine was set in a dangerous and negligent condition and improperly lighted.

"(5)   That at the time of the employment of plaintiff by defendant, said plaintiff was entirely ignorant of the nature

and character of said machine, and had never operated the same or any machine of like character. That defendant failed and neglected to instruct plaintiff at any time how to use and operate said machine, and negligently failed to warn plaintiff of the danger that might result to him in the operation thereof.

"(6)   That at the times herein mentioned the material and timber to be shaped and dressed by said machine was, by said defendant company, negligently suffered and permitted to become wet and swollen so that the same when placed in said machine would not freely pass through the same, whereby the operation of said machine became dangerous to plaintiff operating the same.

"(7)   That on, to wit, the 25th day of May, 1905, after plaintiff had been using and operating said machine for a period of ten days, the plaintiff while operating said machine in the said negligent and dangerous condition, in the negligent and dangerous place aforesaid, and while attempting to shape and dress cross-arms from materials furnished by said defendant, in the wet, swollen and dangerous condition as herein alleged, and without having been warned of the danger hereinbefore mentioned, was, by reason of the said negligent acts and omissions of said defendant, injured by said machine by having the index and second fingers of his right hand cut and mangled by the knives of said machine, whereby he lost both of said members."

It will be seen by reference to paragraph 3 that the respondent is charged with negligence in two respects, viz., in allowing the machine to become and remain out of repair, and in a dangerous condition, and in failing to properly guard it. In paragraph 4 it is charged that respondent negligently failed to furnish appellant a safe place to work, in the respect that it left the shed in which the machine was placed in a dangerous condition by keeping it improperly lighted. Paragraph 5 charges negligence in failing to instruct appellant how to use the machine, and also in failing to warn him of the danger, he being ignorant of the nature of the machine. Paragraph 6 charges negligence in permitting the timber which was being dressed to become wet

and swollen so that, when placed in the machine, it would not freely pass through, and the operation thereby became dangerous. Paragraph 7 charges that, by reason of said negligent acts of respondent, the appellant was injured. Thus a number of specified and completed acts are charged as constituting negligence. It is not merely charged that respondent was negligent and that appellant was injured thereby; but the negligent acts are themselves specified. It is true the complaint does not enter into details concerning the acts charged, but it clearly charges distinct acts of negligence. This, we think, is sufficient, at least as against general demurrer.

"The rule is well-nigh universal that, in an action for negligence, the plaintiff need not set out in detail the specific acts constituting the negligence complained of, as this would be pleading the evidence. A general averment of negligence in the particular act complained of, resulting in damages is good, at least as against a general demurrer . . . Accordingly, a declaration specifying the act, the commission or omission of which caused the injury, and averring generally that it was negligently and carelessly done or omitted, will suffice." 14 Ency. Plead. & Prac., 333, 334.

This court cited and quoted with approval a portion of the above-quoted text in *Collett v. Northern Pacific R. Co.*, 23 Wash. 600, 63 Pac. 225. To the same effect is 2 Thompson, Negligence, p. 1247, also cited in the *Collett* case. In said case testimony concerning the absence of a light at an excavation was rejected, on the ground that there was no specific allegation in the complaint upon that subject. The particular matter specified was the absence of a railing or protection to guard against the excavation. It was held that the trial court erred; that the allegations were sufficient to put in issue any negligent act of the defendant in relation to the excavation, and that the proof should not be confined merely to the absence of a railing. A number of cases are there cited and discussed, where the principle is recognized that such general allegations of negligent acts are sufficient to withstand demurrer, even in cases where one might be entitled to more

specific statement if he should move to make the complaint more specific. In the absence of such a demand, it was not incumbent upon the appellant here, when he alleged, for instance, that the machine was negligently permitted to become out of repair and dangerous by reason thereof, to also allege the minute particulars constituting the impaired condition. These belonged to the domain of evidence, and it is the ultimate fact only that the pleader is ordinarily required to state. The same is true of the other acts charged. Respondent is notified of definite acts of negligence, and it cannot by mere demurrer say that it is not liable because all the contributing elements which in the aggregate make the completed acts are not stated. Sufficient facts are stated in the complaint to constitute a cause of action as against general demurrer, and that is all that is before us for decision.

The judgment is reversed and the cause remanded with instructions to overrule the demurrer.

FULLERTON, CROW, MOUNT, DUNBAR, and RUDKIN, JJ., concur.