[No. 10399. Department Two. June 3, 1912.]

GEORGE LELAND, *Respondent*, v. CHEHALIS LUMBER COMPANY, *Appellant*.[1]

MASTER AND SERVANT—SAFE PLACE—DEFECTIVE WAY—LATENT DEFECTS—KNOWLEDGE OF DEFENDANT—COMPLAINT—SUFFICIENCY. Where an employee, directed to ride in a wagon with a heavy load over defendant's private road, was injured by the overturning of the wagon in a soft spot in the road, rendered unsafe by water and sawdust from defendant's slab pile, the defendant is liable for failure to keep the road in a reasonably safe condition, and it is not necessary that the complaint should allege or that the evidence should show defendant's actual knowledge of the defect in the road.

MASTER AND SERVANT—FELLOW SERVANTS—IMPUTABLE NEGLIGENCE—INSTRUCTIONS. A common laborer, riding on a wagon to assist in holding a heavy drum, is not a fellow servant of the driver of the team, and negligence of the driver would not be imputed to him.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS. Error in instructing that the negligence of the driver of a team could not be imputed to the plaintiff is harmless, where there was no evidence of any negligence on the part of the driver.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered October 30, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action for

[1]Reported in 123 Pac. 1086.

personal injuries sustained by an employee through defects in a private road, while conveying a heavy drum by wagon. Affirmed.

*Dysart & Ellsbury* and *C. D. Cunningham*, for appellant.

*Forney & Ponder* and *H. E. Donohoe*, for respondent.

Mount, J.—The plaintiff recovered a judgment in the court below for personal injuries. The defendant has appealed.

It appears that, on July 15, 1910, plaintiff was employed by the defendant to assist as civil engineer in surveying work for the defendant. At that time the defendant was not ready for the work which plaintiff was employed to do, and plaintiff was directed to assist in work around the mill. On the next day, the plaintiff was directed to assist in loading a donkey engine drum onto a wagon from a flat car. This engine drum weighed between two thousand and three thousand pounds, and required the combined efforts of several men to load it on the wagon. The drum was placed upon a common wagon directly over the rear axle. Blocks were placed in front and at the rear of the drum, to keep it from rolling backwards and forwards in the wagon. After the drum was thus loaded, the men were directed to take it to the Northern Pacific Railway depot, about a quarter of a mile distant from the mill, and there load the drum onto a Northern Pacific freight car. The plaintiff was directed to ride in the wagon and assist in holding the drum steady in the wagon. The road from the depot to the mill was a private road, constructed and maintained by the mill company. It was a common earth roadway, over which the mill company hauled their supplies to and from the depot. The plaintiff was not familiar with the road. This road led past the mill, and near a slab or refuse pile where waste material from the mill was burned. Near this slab pile, the road was covered with sawdust. At certain periods in the

summer time, the mill company would wash down the slab pile with water, which would run across the roadway and carry sawdust and light material along the roadway and soften the earth under the sawdust. The plaintiff did not know of this condition of the road. When the driver of the team started with the load, two men were standing in the wagon in front of the drum while the plaintiff was standing in the wagon at the rear of the drum. When they arrived at a point about opposite the slab pile, the wheels of the wagon on one side dropped into a hole or ditch or soft earth, so that the wagon was overturned and the drum caught and crushed the right leg of the plaintiff. The complaint alleged the negligence of the defendant as follows:

"That it was the duty of the defendant company at said time and place to keep and maintain said roadway in a safe condition for the use so being made of the same by the defendant as aforesaid; by the defendant failing and neglecting its duty in this respect did, during all the times herein mentioned, and particularly on said 16th day of July, 1910, negligently and carelessly suffer and permit said roadway or driveway to become out of repair, dangerous and unsafe, and did negligently allow the same to be and remain in a dangerous and unsafe condition for travel by negligently allowing the same to be and remain in a dangerous and unsafe condition for travel by negligently and carelessly suffering and allowing the surface thereof to become and remain broken and uneven and a deep trench or hole to form and remain therein at a point about fifty feet southeast of the sawdust and slab pile formed at the terminus of the defendant's conveyor which passes over said roadway, and by negligently and carelessly allowing said trench or hole to be hidden and concealed by sawdust and debris negligently and carelessly discharging water upon said roadway making same dangerous to travel and concealing the dangers thereof."

The defendant on this appeal argues three points, in substance as follows: (1) That the complaint is insufficient because knowledge on the part of the defendant of the unsafe condition of the road is not alleged; (2) that the evidence is insufficient because actual knowledge or notice to

the defendant was not shown; and (3) that the following instruction given by the court to the jury was erroneous:

"You are further instructed that, if you believe from the evidence that plaintiff in the discharge of his duties to the defendant as a common laborer was at and just prior to the alleged injury riding in a wagon drawn by a team and driven by another, and that plaintiff exercised and assumed no authority over the person so driving or over the movements of the team, then any negligence on the part of the person driving, if any has been shown, cannot be imputed or charged to the plaintiff."

It is argued by the appellant that the complaint shows upon its face that the condition of the road was concealed and latent, and therefore that it was necessary to allege and prove knowledge of the dangerous condition of the road on the part of the defendant. While it is the general rule that notice and knowledge of latent defects must be alleged and proved, yet,

"Out of this general rule has come the more specific one, that if the servant claims damages from the master for injuries received on account of defective premises, buildings, machinery or appliances, he must allege and prove that the unfitness or the defect, which caused the injury, was known to the master, or was such as, with reasonable diligence and attention to his business, he ought to have known." *Pittsburgh, C., & St. L. R. Co. v. Adams,* 105 Ind. 151, 5 N. E. 187.

In *McLeod v. Chicago, Milwaukee & P. S. R. Co.,* 65 Wash. 62, 117 Pac. 749, in passing upon this question, we said, at page 68:

"Even where the primary negligence is the failure to inspect, provide and maintain a safe place, the knowledge of the master, when it may be inferred from the facts pleaded, is sufficiently pleaded as against demurrer. *Gibson v. Chicago, M. & P. S. R. Co.,* 61 Wash. 639, 112 Pac. 919. 'Such knowledge by the defendant is generally regarded as sufficiently averred by an allegation that the defendant negligently permitted appliances to become defective and negligently suffered them to remain in a defective condition.'"

See, also, *Niemciek v. McCormick Lum. Co.*, 46 Wash. 496, 90 Pac. 658.

It is apparent, we think, that the allegations of the complaint brought the case within this rule. The evidence shows that the load upon the wagon was between two and three thousand pounds. The way was a common dirt road. It ran past the slab pile where refuse was burned, and at this point the land sloped from the slab pile so that water and sawdust ran across and upon the road. It was, of course, natural that water would soften the earth. Under these conditions, it was the duty of the company, in the exercise of ordinary diligence, to know that the way was unsafe for such a load, and to notify, not only the driver of the wagon, but also the employees who were directed to ride thereon, of the conditions existing there. It does not appear that any of the persons upon the wagon knew of the character of the way at this point, or had any reason to suspect that the way was not what it appeared to be upon the surface. The road was a private way of the company. It was therefore the duty of the company to see that it was reasonably safe for the employees who were required to be upon it. We are satisfied that the allegations of the complaint were sufficient, and also that the facts proved were sufficient to take the case to the jury.

The instruction above quoted in substance told the jury that, if they found that the plaintiff had no control over the driver, then the negligence of the driver cannot be imputed to the plaintiff. In so far as the loading and unloading of the drum was concerned, the plaintiff and the driver of the wagon no doubt were fellow servants, but we find nothing to indicate that these two persons were fellow servants in the driving of the team. If they were not fellow servants, then the instruction was right. *Brabon v. Seattle*, 29 Wash. 6, 69 Pac. 365; *Shearer v. Buckley*, 31 Wash. 370, 72 Pac. 76. The instruction given in this case was the same as the one given in the last case cited. Fur-

thermore, we find nothing in the record to show that the driver knew, or ought to have known, of the dangerous character of the road at that time. In short, there appears to have been no negligence on his part, even if he were a fellow servant. The instruction, even if erroneous, was harmless.

Finding no error, the judgment is affirmed.

DUNBAR, C. J., ELLIS, FULLERTON, and MORRIS, JJ., concur.