FOSTER v. KRAUSE.

1. APPEAL AND ERROR—EXCEPTIONS—SAVING QUESTIONS FOR REVIEW.

Where no exception was taken to the ruling of the court below in the admission of evidence, this court will refuse to consider it, on appeal.

2. WITNESSES—CROSS-EXAMINATION—IMPEACHMENT.

In an action for personal injuries caused by assault and battery, evidence of statements made by one of three defendants that a codefendant had offered to pay his fine if he would help lick the plaintiff was admissible for the purpose of impeachment, and, also, to show the interest of the witness and a common purpose on the part of the defendants to do him injury.

3. EVIDENCE—OPINION EVIDENCE—DAMAGES—STATEMENT OF FACT.

In an action for personal injuries, testimony by a witness, who had known plaintiff for four years and had worked with him both before and after his injury, as to his ability to work after the injury, based on his own observations, was admissible, and was not objectionable as opinion evidence.

4. TRIAL—INSTRUCTIONS—ADMISSIONS.

Where defendants admitted that they had been found guilty of assault and battery on a criminal charge before the justice, and there was no evidence of any other assault and battery charge against them, an instruction by the trial judge, in an action for damages growing out of the assault and battery, that the jury might take into consideration the proven facts, including their former conviction, was not erroneous.

5. SAME—REQUESTS TO CHARGE.

A requested instruction in favor of one of three defendants, on the ground that the evidence showed that plaintiff voluntarily engaged in the encounter, and that there was no evidence that defendant unreasonably or excessively beat the plaintiff, was properly refused where the evidence showed a common understanding among themselves that said defendant should go ahead and assault plaintiff, and

if he needed assistance the other two would aid him, which they did, using excessive and unreasonable force.

Error to Ottawa; Cross, J. Submitted October 9, 1914. (Docket No. 47.) Decided September 28, 1915.

Case by William Foster against William Krause and others for personal injuries caused by assault and battery. Judgment for plaintiff. Defendants bring error. Affirmed.

*Farr,.Kolyn & Farr* (*Walter I. Lillie,* of counsel), for appellants.

*Coburn & Misner,* for appellee.

BIRD, J. Defendant Arthur Brems took umbrage at a tart letter addressed to him by the plaintiff, requesting him to keep his hogs out of plaintiff's cornfield. He answered the letter in person, and an altercation ensued. At the moment when plaintiff had the better of the fight, Arthur's brother and brother-in-law, the other defendants, came to his assistance, and as a result plaintiff lost the fight, and was severely kicked and beaten by them. This suit for assault and battery followed, and the jury awarded plaintiff as compensation for his injuries the sum of $900.

1. Defendants' first assignment of error complains of the admission of certain testimony, on the ground that it was incompetent. Under the rule we must refuse to consider this assignment, for the want of an exception to the ruling of the trial court. *Hotchkiss* v. *Weinmann-Matthews Co.,* 175 Mich. 652 (141 N. W. 568).

2. Defendant Krause was asked, upon cross-examination, if he did not state on a certain occasion that defendant Arthur Brems offered to pay his fine if he would "help lick the plaintiff." His recollection was somewhat uncertain as to whether he had made the

statement, and the trial court permitted plaintiff to show by an impeaching witness that he had made such statement. This is said to be error, because the question was a collateral one. We think the ruling was proper. The testimony bore on the interest of the witness, and was admissible for that purpose (*Smith* v. *Hockenberry,* 146 Mich. 7 [109 N. W. 23, 117 Am. St. Rep. 615, 10 Am. & Eng. Ann. Cas. 60]) ; and, furthermore, it had a tendency to support plaintiff's contention that there was a common purpose on the part of the defendants to do him injury.

3. A lay witness for the plaintiff, after testifying that he had known plaintiff for a period of four years, that he had seen him work, and had worked with him before and after the altercation, was permitted to answer the following question:

"*Q.* How about his ability to work compared with other times?

"*A.* He had to give up his shovel last week, and we had to load his load. He would water his horses, and we would load the load.

"*Mr. Farr:* I ask to have that stricken out.

"*Mr. Coburn:* I think it is incompetent.

"*The Court:* It may stand."

Error is predicated upon the court's refusal to strike out the answer, on the ground that it was a mere matter of opinion as to plaintiff's ability to work. It was said in *Elliott* v. *Van Buren,* 33 Mich. 49, 53 (20 Am. Rep. 668) :

"We think there is no rule which can prevent ordinary witnesses from describing what they see, or from testifying concerning the kind of injury or sickness of others whom they have had occasion to consort with, unless it is something out of the common course of general information and experience, or unless the question presented involves medical knowledge beyond that of ordinary unprofessional persons."

In *Harris* v. *Railway Co.,* 76 Mich. 227 (42 N. W. 1111), a lay witness was asked:

"*Q.* Can you state whether she was able to work during this time?"

"*Q.* Now, from what you have seen of her, can you state whether she has the full use of her left arm?"

It was held that these questions were proper, and that they—

"Did not call for opinions, but for facts which fell under the observation of the witnesses."

In *Rogers* v. *Ferris,* 107 Mich. 126 (64 N. W. 1048), lay witnesses were permitted to give their opinions as to the disease which caused the death of another, and they were held competent under this rule.

In view of these holdings, the trial court was justified in refusing to strike out the answer of the witness.

4. The trial court instructed the jury that:

"In considering whether the defendants assaulted the plaintiff in this case or not, you can take into consideration all the proven facts, and circumstances in this case, including the plea of guilty by the defendants and their former conviction."

Counsel say that this instruction was erroneous because:

"There was no evidence before the jury that defendants' plea of guilty and their former conviction was for the same offense or upon the same facts as those in evidence in this case."

Arthur Brems admitted upon cross-examination that he pleaded guilty to the criminal complaint for assault and battery before the justice of the peace. William Brems admitted that he was convicted of assault and battery, and William Krause made a like admission, and that his father-in-law paid his fine. In view of this testimony, we think it will hardly do to say that it did not have reference to the assault and battery which was involved in this suit. There was no evidence of any other instance of assault and battery, and

this testimony must necessarily have had reference to the one in suit.

5. Error is assigned upon the refusal of the trial court to charge the jury in accordance with the following request:

"I further instruct you that the evidence herein is uncontroverted; in fact, it is admitted by the plaintiff that he and Arthur Brems voluntarily engaged in a physical encounter, and that there is no evidence in this case that the defendant Arthur Brems unreasonably or excessively beat or injured the plaintiff. Your verdict as to the defendant Arthur Brems should be 'No cause of action.' "

This request was properly refused. The testimony was very persuasive that the three defendants had a common understanding and agreement between themselves that Arthur should go ahead and assault plaintiff, and, if he needed assistance, the other two defendants would aid him, which they subsequently did. If the jury reached the conclusion that there was such an understanding between them, the foregoing instruction was entirely out of place, as the testimony tended to show that the force used by the other defendants was excessive and unreasonable.

An examination of the other errors assigned does not disclose any reversible error.

The judgment is affirmed.

Brooke, C. J., and Kuhn, Stone, Ostrander, Moore, and Steere, JJ., concurred.

The late Justice McAlvay took no part in this decision.