[No. 8021.    Department Two.    January 13, 1910.]

MICHAEL J. BYRNE, *Appellant*, v. SPOKANE & INLAND
RAILWAY COMPANY, *Respondent*.[1]

RAILROADS—INJURY TO STOCK—CATTLE GUARDS—EVIDENCE—SUFFI-
CIENCY. In an action against a railroad company for killing a horse
on or near a private farm crossing, the evidence is insufficient to
show that the horse was killed on the right of way or through neg-
ligence in maintaining insufficient cattle guards, where no one saw
the accident, there had been horses on the right of way the day
before, and the horse was found the next morning about 100 yards
from the crossing lying down in a field with a broken leg, and the
only evidence indicating that the horse had been on the right of
way consisted of the fact that there were tracks there as of a horse
running for a considerable distance to within a few feet of the
cattle guard, and indications that a horse had fallen on the cross-
ing near the track; as such facts are consistent with the theory that
it was struck on the crossing.

Appeal from a judgment of the superior court for Whit-
man county, Sullivan, J., entered October 1, 1908, upon
granting a nonsuit, after a trial before the court and a jury,
in an action of tort. Affirmed.

*R. L. McCroskey* (*J. M. McCroskey*, of counsel), for ap-
pellant.

*Graves, Kizer & Graves*, for respondent.

PER CURIAM.—By this action the plaintiff seeks to re-
cover from the defendant railway company damages alleged
to have been caused by the negligence of the company in so
injuring one of his horses that it had to be killed. The
particular negligence relied upon by plaintiff was the al-
leged insufficiency of the cattle guards, maintained by the
company at a private crossing upon the railway right of way
where it passed through plaintiff's land, thus allowing the
horse to go upon the right of way, where plaintiff alleges it
was fatally injured. Upon a trial before the court and a

[1]Reported in 106 Pac. 191.

jury, at the close of plaintiff's evidence, the court granted defendant's motion for a nonsuit upon the ground that there was not sufficient evidence to support the conclusion that the horse was injured while upon the company's right of way. Judgment was entered in favor of the defendant accordingly. Motion for new trial was thereafter made, and by the court denied, and thereupon plaintiff appealed to this court.

The only question arising upon this appeal is as to the sufficiency of the evidence to require the submission of the cause to the jury; and this is narrowed to the single question of whether or not the evidence was sufficient to support a finding that the horse was injured while upon the company's right of way, it being conceded that if the horse was injured while upon the crossing the company would not be liable, the alleged negligence relied upon being that the company maintained insufficient cattle guards to keep stock off its right of way.

The evidence shows that the appellant is the owner of land through which the railway runs; he having granted to the company the right of way therefor with an agreement that the company would maintain an open grade crossing, with cattle guards on either side thereof, so that appellant's stock could go and come freely from one side of the track to the other, the fields being fenced on either side and connected by the crossing so that they were, for practical purposes, one enclosure. A considerable number of appellant's horses and cattle were being kept in these fields free to pass from one to the other over the railroad at this crossing, including the horse in question. The horse was injured on the afternoon or night of August 7, 1907. No witness was produced who saw the accident. The horse was found about 7 o'clock on the morning of August 8th, about 100 yards from the crossing, in the field, lying down with one of its legs broken, and otherwise injured, indicating that it had been struck upon the hip. The cattle guards were apparently not very effective in keeping the horses off the right of way. They

had frequently gone upon the right of way over the cattle guards, and had been driven therefrom over the cattle guards. Several of the horses were upon the right of way that night, and had been at other times shortly previous. The evidence relied upon to show that the horse was injured while upon the right of way was that of a witness who testifies in substance, that on August 8th he saw tracks of a horse which had evidently been running on the company's right of way for a considerable distance parallel with the track and toward the cattle guard at the crossing, which tracks approached to within three to five feet of the cattle guard, and that, at a point on the crossing near the track and within a short distance of the cattle guard, there was a place upon the ground indicating where a horse had fallen, this place being between the cattle guards and where appellant's stock would pass over in going from one field to the other. The cattle guards on either side of the crossing were approximately thirty feet apart. This is the substance of the facts relied upon in support of appellant's contention that the horse was struck and fatally injured while upon the right of way. A more detailed statement, we think, would not show the facts any more favorable to appellant's contentions.

Counsel's theory seems to be that the facts warrant the conclusion that the horse was struck while upon the right of way and knocked out upon the crossing to the side of the track between the cattle guards. It seems to us that the learned trial judge was clearly right in his conclusion that these facts would not support a finding to the effect that the horse was injured while upon the right of way, or while in the act of attempting to go over the cattle guards. These facts are no more consistent with such a theory than with the theory that it was injured while standing upon or passing over the track from one field to the other between the cattle guards. We are of the opinion that the learned trial judge correctly disposed of the case in sustaining respondent's motion for nonsuit rather than submitting the case to the jury

to speculate between these two theories, the latter of which has as much support in the evidence as the former. *Knapp v. Northern Pac. R. Co., ante* p. 662, 106 Pac. 190. The judgment is affirmed.