[No. 10939. Department Two. July 16, 1913.]

ELIZA FIELD, *Respondent*, v. SPOKANE, PORTLAND AND SEATTLE RAILWAY COMPANY, *Appellant*.

ELLA FIELD, *Respondent*, v. SPOKANE, PORTLAND AND SEATTLE RAILWAY COMPANY, *Appellant*.[1]

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—SURPRISE—DILIGENCE. A new trial for newly discovered evidence is properly denied, where the new witnesses denied that they would testify as claimed; and their evidence was sought to meet evidence of the plaintiff showing the effect of her personal injuries subsequent to the first trial of the action, which was introduced at a second trial without objection to its relevancy or any claim of surprise.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $4,000 for personal injuries, rendered at the second trial of the action, two years after the first trial and four years after the accident, cannot be held excessive because the evidence at the first trial tended to show only temporary injuries, where it was sustained by the evidence at the second trial.

Appeal from a judgment of the superior court for Clarke county, McMaster, J., entered May 24, 1912, upon the verdict of a jury rendered in favor of the plaintiffs, in consolidated actions. Affirmed.

*Carey & Kerr, A. L. Miller,* and *Omar C. Spencer,* for appellant.

*Frank E. Vaughan* and *Hayden & Langhorne,* for respondents.

MORRIS, J.—These consolidated cases come to this court on appeal for the second time. The first judgments were re-

[1]Reported in 133 Pac. 611.

versed and new trials granted because of an erroneous instruction to the jury. *Field v. Spokane, P. & S. R. Co.*, 64 Wash. 445, 117 Pac. 228. Upon the second trial, respondents obtained judgments for respectively $4,000 and $500, and the railway company appeals.

The facts are all stated in the first opinion and will not again be referred to.

Two assignments of error are now urged. (1) That the lower court erred in denying a motion for a new trial, based upon newly discovered evidence as to the injuries sustained by Eliza Field; and (2) that each of the verdicts is excessive.

The first error is based upon the fact that, upon the second trial, an osteopath, who had been treating Mrs. Field subsequent to the first trial, testified to injuries to the spine and a shortened leg, causing her to walk with a limp, and that these injuries were of a permanent nature. The amended complaint, upon which the case of Eliza Field was tried, makes no specific mention of injuries to the spine or a shortened leg, but confines itself to a general allegation that she was severely bruised and injured so that she became lame, sick and sore, suffering great pain, and her health permanently injured. At the first trial, no evidence was given tending to show any permanent injury to the spine, nor mention made of a shortened leg. No objection was, however, made to this evidence upon the second trial, which took place nearly four years after the accident, appellant accepting the issue and contenting itself with offering evidence of several of the jurors who were in attendance at the time of the first trial to the effect that Mrs. Field was not then lame nor limped when walking except when her attention was evidently called to it.

Upon its motion for a new trial, appellant read affidavits to the effect that upon a new trial the persons named in the affidavits would testify that Mrs. Field was not lame, did not walk with a limp, nor complain of injury to her spine. Respondents produced affidavits from these same persons to the effect that they had been misquoted in appellant's affidavits,

and would not testify as there indicated, but would in most cases testify in favor of respondent's contention as to the then condition of Mrs. Field. We can find no error in the denial of the motion for new trial upon this claim of newly discovered evidence. It occurs to us that, if appellant had been surprised at the character of the evidence as to the extent and nature of Mrs. Field's injuries, the proper way would have been to have suggested its surprise and unpreparedness to meet such issue at the time the evidence supporting it was introduced, or ask for an appointment of physicians to examine her. Not having done so, nor in any way raising the question of the relevancy of this testimony at the time of the trial, but having accepted the issue, it would be an improper direction to now say appellant should be afforded the opportunity of meeting this testimony, when it in no way sought to take advantage of any of the opportunities to defend against it which might have been afforded it at the time of the trial. We are not, therefore, prepared to say that the lower court erred in denying this phase of the motion for new trial.

Nor are we prepared to say the damages in either case are excessive. Medical testimony offered at the first trial, and which was made a part of the evidence at the second trial, would indicate that Mrs. Field's injuries were only of a temporary nature. The evidence offered at the second trial as to her condition subsequent to the first trial, and at the time of the second trial, which occurred nearly two years after the first trial and four years after the accident, sustains respondents' contention that Mrs. Field suffered a severe injury, and that its effects are serious, painful and permanent. We must, therefore, accept the verdict as a finding by the jury that the condition as shown at the time of the second trial is the true one rather than that shown at the time of the first trial, and with this view we are not prepared to say the damages are excessive. The injury to Ella Field was slight, and of a temporary nature. We cannot say, however, that the award of $500 in her case is excessive to such an extent

as to indicate passion and prejudice on the part of the jury, or call for any reduction by this court.

Neither verdict will .be disturbed, and the judgments are affirmed.

ELLIS, MAIN, and FULLERTON, JJ., concur.