[No. 11164.　Department One.　September 12, 1913.]

William J. McCanna *et al.*, *Appellants*, v. Harry W. Silke
*et al.*, *Respondents.*[1]

Highways—Negligent Use—Automobile Collision — Ownership or Control of Machine—Evidence—Sufficiency. In an action for personal injuries sustained by a traveler on the highway by being run into by an automobile, a nonsuit is properly entered as to a defendant who was merely shown to be riding in the automobile at the time of the accident, since his relation to the driver or owner of the automobile and consequent responsibility for its operation and control cannot be left to speculation and conjecture; and the fact that he assisted in caring for the injured party by driving the automobile is insufficient to make a *prima facie* case of liability against him.

New Trial—Newly Discovered Evidence—Diligence. A new trial for newly discovered evidence in an admission by defendant, after the trial, of a fact that would have fixed his liability, should not have been granted when the fact might have been easily elicited by the submission of interrogatories before the trial or by his examination under oath at the trial; since it could have been discovered with ordinary diligence.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered October 24, 1912, upon granting a nonsuit and denying a new trial as to one of the defendants, in an action in tort. Affirmed.

*John M. Gleeson* (*Jesseph & Grinstead*, of counsel), for appellants.

*Stull, Wentz & Bailey* (*R. A. Thayer*, of counsel), for respondents.

Parker, J.—The plaintiffs seek recovery of damages from the defendants for personal injuries which they claim resulted to the plaintiff Maggie McCanna from the negligent driving of an automobile by the defendants. At the close of the evidence introduced in behalf of the plaintiffs, motion was made in behalf of each of the defendants separately for a dismissal

[1]Reported in 134 Pac. 1063.

of the case for want of sufficient evidence calling for its submission to the jury. These motions were thereupon granted by the court. Thereafter the plaintiffs moved for a new trial upon the grounds of error in the taking of the case from the jury and newly discovered evidence. This motion for a new trial was granted by the court as to the defendant Van Tuyl, and denied as to the defendant Silke. The plaintiffs have appealed from this disposition of the cause in so far as it denied them a new trial as to the defendant Silke.

During the evening of May 11, 1911, appellant Maggie McCanna and her son were driving in a buggy, eastward, along a public road, near their home a few miles east of Spokane. Respondent Silke, defendant Van Tuyl, and two ladies were at the same time riding in an automobile eastward along the same road, approaching Mrs. McCanna and her son from the rear. The automobile was running at an excessive rate of speed; and we shall assume because of the negligence of its driver ran into the rear of the buggy and threw Mrs. McCanna to the ground, seriously injuring her. The automobile was carried by its momentum some distance past the buggy and turned into a field some distance off the road. It was apparently not seriously injured, save that its lamps were so injured that they could not longer furnish light. Mrs. McCanna was rendered unconscious, and at least for the time was thought to have been killed. The situation was, of course, fraught with considerable excitement and concern on the part of all present. Both Van Tuyl and Silke gave their attention to putting the automobile back on the road and taking Mrs. McCanna to her home. In getting the automobile back on the road, Silke took the wheel and ran it while Van Tuyl went ahead and picked out the way, it then being dark and the lights out of order. When Mrs. McCanna was placed in the automobile, Silke continued at the wheel and ran it to her home where she was removed from the automobile, Silke assisting in her removal. Before leaving there, Van Tuyl

handed Mrs. McCanna's husband a card, and said, "You will find us at the Halliday Hotel," evidently meaning the Halliday Hotel in Spokane. Van Tuyl, Silke and the two ladies then went away in the automobile. There is no evidence as to who then took the wheel and drove the automobile. Van Tuyl admits in his separate answer that he was running the automobile; while Silke in his separate answer denies that he was running the automobile. This admission and denial manifestly refers to the time of and just prior to the collision with the buggy.

We think the above summary of the facts, which the evidence produced in appellants' behalf tends to show, is as favorable to their contentions as the record will admit of. Aside from the inferences to be drawn from these facts, there was no evidence whatever offered tending to show who was the owner of the automobile, though its license number was then known; who was driving the automobile when the collision occurred; what relation respondent Silke bore to the automobile, its driver and the others riding therein; or whether he was a passenger for hire, a passenger by invitation, or was riding in the automobile engaged in a common enterprise with its driver. Counsel for appellants, upon the trial of the case, relied wholly upon the mere fact that respondent Silke was riding in the automobile at the time of the accident, coupled with what he did immediately following in rendering assistance in handling the automobile and taking Mrs. McCanna to her home, in order to make a *prima facie* case of liability against respondent Silke.

When we remember that appellant had the burden of proof to show, not only negligence resulting in injury to Mrs. McCanna, but also to show facts fastening the responsibility for such negligence upon the respondent Silke, we are quite unable to see how, in the light of all the facts which appellants' evidence tends to show, Silke can be said to be legally responsible, unless we enter the field of conjecture and specu-

lation and choose between several different theories, any one of which is as consistent with the evidence as the other; and neither of which finds any substantial support in the evidence. Silke might have been a passenger for hire, or he might have been a passenger by invitation of the driver or owner of the automobile. In either of these events, he would not have been liable for the negligence of the driver or owner of the automobile. *Shearer v. Buckley*, 31 Wash. 370, 72 Pac. 76; *Wilson v. Puget Sound Elec. R.*, 52 Wash. 522, 101 Pac. 50, 132 Am. St. 1044; See note to 8 L. R. A. (N. S.) 597.

It is, of course, true that he might have been associated with all who were riding in the automobile in some common enterprise, and thus rendered liable for the proper management of the automobile, though not actually driving it himself. But this theory finds no support in the evidence beyond mere conjecture, and is no more consistent with the proof produced than the theory of his being a passenger. The same may be said as to his ownership of the automobile, and also as to his being the one driving it at the time. Clearly no such presumption would arise against him by the mere fact of being in the automobile. No such situation is shown as to place upon him the burden of proving that he did not occupy such a relationship to the automobile and its operation as to render him free from fault so far as Mrs. McCanna's injuries are concerned.

Looking to the acts of respondent Silke, immediately following the accident, showing his joining in the common effort to put things in order and convey Mrs. McCanna to her home, we are wholly unable to see that they point in any material degree to his ownership of the automobile or his management or control of the automobile preceding and at the time of its collision with the buggy, It seems to us that, to have submitted the cause to the jury as against respondent Silke and allowed them to speculate from these facts as

to his liability, would be a clear invasion of his legal rights. In *Gardner v. Porter*, 45 Wash. 158, 88 Pac. 121, Justice Hadley, speaking for the court, at page 164, said:

"The proximate cause of the accident and the consequent injuries, so far as the evidence discloses, are entirely within the domain of conjecture. We are unable to find in the entire evidence, when considered together, any basis upon which to establish negligence of appellants in the premises, unless we enter the realms of speculation, and we have frequently held that such a field is not a proper one for the jury. Mere evidence of different causes that could have produced the injury is not sufficient. *Hansen v. Seattle Lumber Co.*, 31 Wash. 604, 72 Pac. 457; *Armstrong v. Cosmopolis*, 32 Wash. 110, 72 Pac. 1038; *Reidhead v. Skagit County*, 33 Wash. 174, 73 Pac. 1118; *Stratton v. Nichols Lumber Co.*, 39 Wash. 323, 81 Pac. 831, 109 Am. St. 881."

This view has since been adhered to in the following cases: *Stone v. Smith-Premier Typewriter Co.*, 48 Wash. 204, 93 Pac. 209; *Peterson v. Union Iron Works*, 48 Wash. 505, 93 Pac. 1077; *Knapp v. Northern Pac. R. Co.*, 56 Wash. 662, 106 Pac. 190; *Byrne v. Spokane & Inland R. Co.*, 56 Wash. 667, 106 Pac. 191. We are of the opinion that the trial court did not err in dismissing the case as against respondent Silke.

One of the alleged grounds for a new trial was newly discovered evidence. In support thereof appellant Maggie McCanna filed her affidavit, stating in substance that she had a conversation with respondent Silke on the day of the dismissal of the case within a few hours thereafter, in which he said concerning the controversy:

"I am sorry that I ran against you with the machine, it was all an accident, and I did not intend to do so. I am willing to pay my part of it but Van Tuyl is as much to blame as I am and he cannot 'come through' with his part of it. I will pay for all expenses, and get you a new lap robe. I would have done this long ago but I did not want to talk until the trial was over."

This fact is corroborated by the affidavit of one other witness and controverted by the affidavits of other witnesses. Counsel for respondent Silke invokes the rule that the disposition of the motion for a new trial upon newly discovered evidence, where there is a conflict in the affidavits touching the facts involved, is a matter of discretion in the trial court which the appellate court will be slow to disturb. That rule seems to find its application largely in cases where there has been a verdict of a jury rendered upon the merits, which did not occur in this case. We express no opinion as to the force and effect of that rule where the motion for a new trial upon newly discovered evidence follows the disposition of the case by the trial court in taking it from the jury for want of sufficient evidence to support a finding in the plaintiffs' favor. We conclude, however, that this was not, legally, newly discovered evidence; that is, it was not evidence which could not have been discovered by reasonable diligence on the part of appellants. We have noticed that the claimed newly discovered evidence consists only of a statement, somewhat in the nature of an admission, made by respondent Silke after the disposition of the case by the trial court. It states no fact which could not have been easily elicited by the submission of interrogatories by counsel for appellants at any time after the filing of their complaint and before the trial, or by an examination of respondent Silke under oath at the trial. Nor would answers given in response to such interrogatories or examination by respondent Silke have been binding upon appellants. Rem. & Bal. Code, § 1229 (P. C. 81 § 1077). Indeed, the entire record points almost conclusively to the fact that appellants used little if any effort to discover and bring into the case evidence bearing upon the ownership of the automobile, or the relationship that respondent Silke bore to it and its operation. Whatever may be said as to the weight of this claimed newly discovered evidence, it clearly was not such as could not have been dis-

covered before the trial by the exercise of ordinary diligence.

We conclude that the order denying a new trial as against respondent Silke must be affirmed.

It is so ordered.

Crow, C. J., Gose, Mount, and Chadwick, JJ., concur.