BECKWITH et ux. v. CHICAGO, M. & ST. P. RY. CO. et al.

(District Court, W. D. Washington, S. D.   June 17, 1915.)

No. 1810.

1. REMOVAL OF CAUSES ⊘⇒49—RIGHT TO REMOVE—SEPARABLE CONTROVERSY—"ALL."

Pierce's Code Wash. 1912, tit. 81, §§ 217, 259, abolish common-law forms of pleading and provide that, for the purpose of determining the effect of a pleading, its allegations shall be liberally construed. In an action against a railway company, its engineer, and the operators of an automobile, struck by a railroad train, for the death of a person riding in the automobile, the complaint alleged that the railroad company was negligent in not maintaining warning signals at the crossing and in not keeping its right of way clear, that the engineer and the railroad company ran the train at a negligent and unsafe speed and gave no warning or signal of its approach, and after the automobile was upon the crossing negligently failed to stop the train and negligently ran into the automobile, that the driver of the automobile negligently failed to stop before crossing the railroad, and that "by reason of all of said negligent

⊘⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

acts" deceased was killed. *Held*, that this sufficiently charged joint and concurrent negligence on the part of the several defendants to prevent the removal of the cause by the railway company on the ground that a separable controversy was involved as to it, since the word "all" is very comprehensive in its meaning, and was used in the complaint as meaning altogether or conjointly, especially as in Washington such a tort is joint, not only as between the master and servant, through whose negligence the master is charged, but in those cases where the master is also further charged as negligent in other respects.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95–99; Dec. Dig. ☞49.

For other definitions, see Words and Phrases, First and Second Series, All.]

2. COURTS ☞347—SEPARABLE CONTROVERSY—STATE LAWS AS RULES OF DECISION.

In determining whether an action involves a separable controversy, the federal courts will follow the state rule as to whether a cause of action is entire.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. ☞347.]

3. REMOVAL OF CAUSES ☞48—RIGHT TO REMOVE—SEPARABLE CONTROVERSY—EFFECT OF RECOVERY.

To constitute a nonseparable controversy in an action in which defendants are charged with joint and concurrent negligence, it is not necessary that a recovery be had on the trial against all those charged with such joint negligence.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 93, 94; Dec. Dig. ☞48.]

At Law. Action by C. S. Beckwith and wife against the Chicago Milwaukee & St. Paul Railway Company and others. On motion to remand to the state court. Cause remanded.

W. H. Abel, of Montesano, Wash., for plaintiffs.
George W. Korte, of Seattle, Wash., for defendants.

CUSHMAN, District Judge. [1] Plaintiffs move to remand this cause to the state court, from which it was removed upon the petition of the Chicago, Milwaukee & St. Paul Railway Company, claiming a separable controversy was involved as to it. The suit is one brought by the parents of a deceased son, killed in a crossing accident. Deceased was a passenger in an automobile, operated by two of the defendants, which was struck by an engine of the defendant railroad company, upon which the other defendant was engineer. The defendant railroad is accused of negligence in not maintaining warning signals at the crossing and in not keeping its right of way clear, making it difficult for travelers on the right of way to know of the approach of trains. It is further alleged:

"That at the time the defendant Benjamin M. Snyder was engineer in charge of and operating a train belonging to the defendant Chicago, Milwaukee & St. Paul Railway Company, which train consisted of a locomotive and several freight cars. That the defendants, Benjamin M. Snyder and Chicago, Milwaukee & St. Paul Railway Company then operated and ran said train at a negligent, unsafe, and rapid speed, and in approaching said crossing gave no warning or signal of any kind of the approach of said train, and after said automobile, wherein the said Charles Oren Beckwith was a

passenger, got upon said crossing, said defendants negligently failed to stop said train, although it was then possible to do so, and said defendant negligently ran into and collided with said automobile, thereby throwing the said Charles Oren Beckwith out of said automobile and causing his instant death. That the driver of said automobile, to wit, one Gordan, negligently failed to stop before crossing said railroad, and by reason of all of said negligent acts the said Charles Oren Beckwith was killed. That by the negligent acts of the defendants, as alleged in this complaint, the plaintiffs have been damaged in the sum of $10,000."

Pierce's Code of Washington for 1912 (title 81, §§ 217 and 259) provides for the abolishing of common-law forms of pleading, and that, for the purpose of determining the effect of a pleading, its allegations shall be liberally construed. Under such rule it may fairly be said to be the intention of the pleader to charge that the death was caused by the joint and concurrent negligence of the several defendants. At any rate, upon a motion to remand, the court must so hold, though, were the cause before the court for trial, the disposition might be otherwise. Alabama G. Southern Ry. v. Thompson, 200 U. S. 206, at 218, 219, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; 38 Cyc. 488.

In Trivette v. Chesapeake & O. R. Co., 212 Fed. 641, 643, 645, 129 C. C. A. 177, 179, 181, where the refusal to remand was upheld upon appeal, it is pointed out:

"As to this ground of negligence, therefore, a separable controversy existed, which was removable to the federal court, unless the negligence in operating the train and the negligence with respect to the depot and platform are sufficiently alleged to have concurred in producing the accident. * * * If, however, such joint action and concurrence are sufficiently alleged, the case was not removable. * * * While, according to this statement, the accident would not have happened, but for the negligent operation of the train, there is neither allegation nor necessary inference that it would not have happened but for the character of the approach provided to the depot and platform. We recognize that, if a charge of concurrent and co-operative negligence seems intended, a separable controversy does not result from the fact that separate causes of action might have been maintained, or that a separate defense might defeat a joint recovery."

The pleader in that case, so far as the report discloses, used no language equivalent to that in the present case. The pleader in the present case, after giving the facts, alleges that "all of such negligent acts caused the death." To have added "jointly and concurrently caused" would have been no more than a conclusion.

The word "all" is very comprehensive in its meaning. Moore v. Virginia Fire & Marine Ins. Co., 28 Grat. (Va.) 508, at 516, 26 Am. Rep. 377. In the sense in which it is used in the present pleading, the words "by reason of all of such negligent acts" form an adverbial phrase. Webster gives "altogether" as one of the synonyms for the adverb "all." It is as though the clause read, "Altogether such negligent acts caused the death." "Altogether" means conjointly. Therefore it may fairly be concluded that the pleader intended to allege that the negligent acts of which complaint is here made "conjointly" caused the death. In Illinois Central R. Co. v. Sheegog, 215 U. S. 308, 320, 30 Sup. Ct. 101, 103 (54 L. Ed. 208), it was alleged that the various acts of negligence "all together jointly caused said wreck,

and killed the plaintiffs' intestate." The cause was held not remova-
ble. If, in place of the words "all together," the word "conjointly"
had been used, it is clear that the added word "jointly" changed in
no way the meaning which would have been conveyed by the use of
the words "all together" alone.

It is not reasonable to suppose that it was the intention of Congress
to leave the determination of the right of removal, of jurisdiction be-
tween two sovereignties, to hair-splitting shades of difference between
such adverbs as "jointly," "concurrently," "all," and "altogether," and
their synonyms. In Washington, such a tort as that charged is held
to be joint, not only as between the master and servant, through whose
negligence the master is charged, but in those cases where the master
is also further charged as negligent in other respects. Doremus v.
Root, 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649; Abb v. N. P.
Ry. Co., 28 Wash. 428, 68 Pac. 954, 58 L. R. A. 293, 92 Am. St. Rep.
864; Howe v. N. P. Ry. Co., 30 Wash. 569, 70 Pac. 1100, 60 L. R.
A. 949; McHugh v. N. P. Ry. Co., 32 Wash. 30, 72 Pac. 450; Gen-
naux v. N. W. Imp. Co., 72 Wash. 268, 130 Pac. 495.

In Abb v. N. P. Ry. Co., plaintiff, a passenger on a street car, was
injured in a collision between the car in which he was riding and a
Northern Pacific Railroad train. The plaintiff, for a consideration,
released the street car company from liability. The two companies
were held joint tort-feasors, and the defendant railroad company was
held to be released from liability by the release of its codefendant.
In Field v. Spokane, Portland, etc., R. Co., 64 Wash. 445, 117 Pac.
228, it was held that the negligence of a stage driver in failing to
stop, look, and listen at a railroad crossing, and that of the engineer
of the railroad company, who failed to give a signal of the train's ap-
proach, was joint and concurrent.

The Supreme Court has never receded from the rule announced in
Chesapeake & Ohio Ry. Co. v. Dixon, 179 U. S. 131, at 137, 21 Sup.
Ct. 67, 70 (45 L. Ed. 121):

"It is well settled that an action of tort, which might have been brought
against many persons, or against any one or more of them, and which is
brought in a state court against all jointly, contains no separate controversy
which will authorize its removal by some of the defendants into the Circuit
Court of the United States, even if they file separate answers, and set up dif-
ferent defenses from the other defendants, and allege that they are not
jointly liable with them, and that their own controversy with the plaintiff
is a separate one; for, as this court has often said: 'A defendant has no
right to say that an action shall be several which the plaintiff seeks to make
joint. A separate defense may defeat a joint recovery, but it cannot deprive
a plaintiff of his right to prosecute his suit to final decision in his own way.
The cause of action is the subject-matter of the controversy, and that is, for
all the purposes of the suit, whatever the plaintiff declares it to be in his
pleadings.' "

[2, 3] It was held in that case that the federal court will follow
the state rule as to whether a cause of action is entire, which rule
still obtains. Neither is it necessary that the recovery upon the trial
be against all charged with such joint negligence in the state court,
in order to constitute a nonseparable controversy. Bissell v. Heyward,
96 U. S. 580, 24 L. Ed. 678; Barney v. Latham, 103 U. S. 205, 26

L. Ed. 514; Wecker v. National Enameling Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757; Chicago, R. I. & P. Ry. v. Dowell, 229 U. S. 102, 33 Sup. Ct. 684, 57 L. Ed. 1090; Ches. & Ohio R. Co. v. Cockrell, 232 U. S. 146, 34 Sup. Ct. 278, 58 L. Ed. 544.

The cause will be remanded, as it does not present a separable controversy.