[No. 13799. Department One. May 18, 1917.]

BERT ALLEN, *Respondent*, v. WALLA WALLA VALLEY RAILWAY COMPANY, *Appellant*.[1]

NEGLIGENCE—IMPUTED NEGLIGENCE—DRIVER OF VEHICLE. The contributory negligence of the driver of a horse is not to be attributed to one riding in the buggy with him as a guest or companion, where the latter was not in a position to exercise any authority or control over the driver.

JUDGMENT — SEVERAL DEFENDANTS — INCONSISTENT VERDICTS. In consolidated actions for personal injuries brought by the driver of a horse and his companion in the buggy, in which the jury found that the latter did not possess any authority or control over the driver, a verdict against the driver on the ground of his contributory negligence is not, as a matter of law, inconsistent with a verdict in favor of the driver's companion.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered January 27, 1916, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*John H. Laing, Sharpstein, Pedigo, Smith & Sharpstein,* for appellant.

*Homer I. Watts (Will H. Fouts,* of counsel), for respondent.

WEBSTER, J.—This is an action to recover damages for personal injuries. Respondent, at the time of the accident, was riding in a buggy with his step-son, Mike Pierce. The horse, which was being driven by Pierce, became frightened,

[1]Reported in 165 Pac. 99.

ran away, and collided with one of appellant's street cars. Respondent and Pierce were both injured, and each brought an action for damages against appellant. By stipulation of the parties, the actions were consolidated for the purpose of trial. The jury returned a verdict in favor of respondent for the sum of $1,000, but in the case in which Pierce was plaintiff, found in favor of the railway company. Appellant's motion for judgment notwithstanding the verdict being denied and judgment having been entered upon the verdict, it brings the case here.

No errors are assigned based upon the admission or rejection of evidence, instructions given or refused by the court, or the insufficiency of the evidence to support the verdict. Counsel for appellant, on page three of their opening brief, make this statement:

"Intending to present to this court the question only as to whether or not, when a verdict has been rendered and judgment based thereon, entered in the consolidated cases upon the same testimony, at the same trial, and by the same jury in favor of the appellant company, the appellant company was not also entitled to a judgment in its favor, notwithstanding the verdict against the defendant and appellant here, we do not deem it necessary to burden this brief with as much of the record of the case as we would otherwise do."

The concluding paragraph of the brief is as follows:

"We, therefore, respectfully submit that, the verdict and judgment having been rendered in these consolidated actions in favor of the defendant street railway company and against the plaintiff Pierce, the motion made by the defendant company for judgment in its favor as against the plaintiff Allen, notwithstanding the verdict in favor of the plaintiff Allen, should have been granted, and that the judgment appealed from should be reversed, with instructions to the lower court to enter judgment in favor of the appellant and against the respondent."

Again, in the reply brief, counsel for appellant say:

"On page 3 of our opening brief we stated that we intended to present to this court only one question, and stated the

question. . . . We claimed in that brief, and now assign as error, that the lower court erred in not granting our motion for judgment notwithstanding the verdict, in our favor and against respondent, because of the fact that the same jury, empaneled and sworn to try both cases consolidated for that purpose, had, on the same trial and same evidence, decided against plaintiff Pierce."

Later in the reply brief it is said:

"Respondent contends that the principle of the *Doremus* case does not control, and we contend that it does, and this is the whole question involved in this appeal."

Thus it will be seen that appellant's sole contention is that, inasmuch as the jury trying the consolidated cases returned a verdict against Pierce, the driver of the horse, respondent, who was riding with him in the buggy at the time of the accident, is thereby precluded from recovering in his case, and that the court should so hold as a matter of law. This position is palpably unsound and untenable. *Doremus v. Root*, 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649, referred to in appellant's briefs, was a case where the plaintiff brought an action against the Oregon Railroad & Navigation Company and Samuel Root, to recover damages for personal injuries alleged to have been caused solely by the negligence of Root while acting as conductor on one of the defendant railroad company's freight trains. It was alleged in the complaint that Root, by virtue of his employment, had charge and control of the train on which he was acting as conductor, and that he negligently, carelessly, and recklessly permitted the train to run past a siding, well knowing that, by so doing, the train was likely to collide with the train on which the plaintiff was employed as fireman, and that, by reason of this negligence on the part of Root, the injuries complained of by plaintiff were suffered. The sole negligence relied upon by plaintiff was that of the defendant Root, and the railroad company was sought to be held liable on the doctrine of *respondeat superior*. The jury returned a verdict against the railroad company only, and the trial court ruled that the

verdict in that form should be considered as a verdict in favor
of the defendant Root. Judgment was entered in favor of
Root against the plaintiff for the amount of the former's
costs, and a judgment was entered against the railroad com-
pany in favor of the plaintiff for the amount of the verdict
returned against it. The railroad company appealed. This
court held that the defendants were in no sense joint tort
feasors, and that their liability to the plaintiff rested upon
entirely different grounds, the employee being sought to be
held because he committed the act which caused the injury,
while the liability attempted to be imposed upon the em-
ployer, the railroad company, rested upon the doctrine of
*respondeat superior;* that the gravamen of the action being
the alleged negligence of the employee Root, no recovery
could be had against the railroad company unless it was es-
tablished and found by the jury that Root was guilty of neg-
ligence; that the jury, by its verdict, having exonerated
Root of the negligence charged in the complaint, the com-
pany was, by that very fact, also absolved from liability. In
other words, the holding was to the effect that the liability of
the railroad company depended upon the negligence of Root,
and if he was found to be free from fault, the company, of ne-
cessity, was also blameless. See *Stevick v. Northern Pac. R.
Co.,* 39 Wash. 501, 81 Pac. 999.

In the case now under consideration, the question of whether
the contributory negligence of Pierce is to be attributed and
imputed to Allen depends entirely upon the relationship in
which they stood to each other at the time of the accident.
The rule adopted by this court, and the one sustained by the
weight of authority, is to the effect that, where one is riding
in a vehicle with another as his guest or companion and is
injured by the negligence of a third person, the contributory
negligence of the driver is not imputable to the injured per-
son unless the latter, at the time of the injury, was in a
position to exercise authority or control over the driver, or

failed to exercise such care to protect himself as under the attending circumstances was incumbent upon him. In the latter instance it is hardly proper to say that the doctrine of imputed negligence is involved. Where one fails to exercise reasonable care and prudence for his own protection and safety and this failure contributes in an appreciable degree to causing the injury of which he complains, he is, strictly speaking, answerable for his own negligence. So that the doctrine of imputed negligence is based upon the single question of whether the occupant of the vehicle was in a position to exercise authority or control over the driver in respect to the matter in which the driver was negligent. The basic thought upon which the doctrine or principle of imputed negligence rests is that the relationship of master and servant or principal and agent must exist between the driver and the occupant at the time of the injury. In the absence of such a relationship, the negligence of the one will not be attributed to the other. *Beach v. Seattle*, 85 Wash. 379, 148 Pac. 39; *McCanna v. Silke*, 75 Wash. 383, 134 Pac. 1063; *Field v. Spokane, Portland & Seattle R. Co.*, 64 Wash. 445, 117 Pac. 228; *Cathey v. Seattle Elec. Co.*, 58 Wash. 176, 108 Pac. 443; *Wilson v. Puget Sound Elec. R.*, 52 Wash. 522, 101 Pac. 50, 132 Am. St. 1044; *Shearer v. Buckley*, 31 Wash. 370, 72 Pac. 76; *Brabon v. Seattle*, 29 Wash. 6, 69 Pac. 365.

The trial court, by instructions of which no complaint is made, submitted to the jury the question of the relationship existing between Pierce and Allen at the time of the accident, and whether the negligence of the former was, under the evidence in the case, to be attributed to the latter. The verdict of the jury in favor of the respondent must, therefore, be considered as a finding by the jury that he did not possess any authority or control over Pierce with reference to the matter wherein the jury evidently found that he was guilty of contributory negligence. Consequently the two verdicts ren-

dered in the action are in no sense inconsistent, nor does the fact of Pierce's contributory negligence necessarily preclude a recovery on the part of the respondent. If Pierce was guilty of negligence contributing to his injury, clearly he was not entitled to recover. But unless this negligence on his part was, under the circumstances of the case, imputable to Allen, and the jury found that appellant was guilty of negligence as charged in the complaint, Allen was equally clearly entitled to a recovery. The naked fact, therefore, that the jury returned a verdict against Pierce, evidently upon the ground of contributory negligence on his part, does not carry with it the conclusion, as a matter of law, that the respondent was not entitled to recover in his case. For these reasons, the principle announced in the *Doremus* case is not applicable to this case.

This seems to dispose of the only question presented for our consideration. The judgment is affirmed.

ELLIS, C. J., MORRIS, MAIN, and CHADWICK, JJ., concur.