## ATCHISON, T. & S. F. RY. CO. v. SMITH et al.

No. 6308.

Circuit Court of Appeals, Ninth Circuit.

Feb. 16, 1931.

Robert Brennan, Leo E. Sievert, and H. K. Lockwood, all of Los Angeles, Cal., for appellant.

224

E. B. Drake, of Los Angeles, Cal., for appellees.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

The appellee Alma Richardson Smith brought an action for negligence against appellant Atchison, Topeka & Santa Fé Railway Company and one Jean P. Charnley for injuries resulting from a collision in Pasadena, Cal., where Holly street crosses appellant's railway, between a railway train operated by the appellant railway company and an automobile operated by an employee of Jean P. Charnley. She alleged that the collision was the result of the gross negligence of the chauffeur in driving the automobile, and of the negligence of the railway company in failing to give warning of the train's approach to the street crossing. The appellant railway company filed a bond and petition for removal in the superior court of the state of California, wherein the action was commenced, demanding that the action be removed to the federal court by reason of the diversity in citizenship, in that the railway company was a citizen of Kansas, while the codefendant and plaintiff were citizens of California. The petition was based upon the contention that the cause of action against the railway company for its negligence in failing to give warning of the approach of the train, and the negligence of the driver of the automobile were severable, and that two distinct causes of action had been united in the complaint filed in the state court. The petition was presented to the superior court with a motion for an order transferring the cause to the United States District Court. This application was denied, whereupon the appellant procured a transcript of the pleadings and proceedings in the superior court and filed them in the United States District Court, together with the complaint herein. This complaint or bill in equity alleges the facts hereinbefore stated, and prays for the issuance of an injunction pendente lite restraining the appellee Alma Richardson Smith and her attorney, E. B. Drake, from proceeding further in the state court.

If the action begun in the superior court of the state was one properly removable to the United States District Court, the appellant's so-called bill in equity was appropriate as ancillary to the jurisdiction of the District Court invoked by the seasonable filing of the bond and the petition for removal. Madisonville Traction Co. v. St. Bernard M.

Co., 196 U. S. 239, 25 S. Ct. 251, 49 L. Ed. 462. It was in no sense a separate and independent action in equity. Consequently, in reviewing the action of the trial court in dismissing the bill upon the demurrer or motion of the appellees, we must consider the fact shown by the record that the District Court remanded the case to the superior court of the state. This is shown by the order of the court dismissing the bill, and also by the order of remand contained in the transcript. It appears that the order remanding the cause to the state court was based on the authority of Chicago, R. I. & P. R. Co. v. Dowell, 229 U. S. 102, 33 S. Ct. 684, 57 L. Ed. 1090, and Beckwith v. Chicago, M. & St. P. R. Co. (D. C.) 223 F. 858, thus holding that the transfer to the federal court was not authorized. This order was not appealable. Judicial Code, § 28, Id. 28 USCA § 71. Appellant's bill in equity was ancillary to the claim that the federal court had jurisdiction of the action for damages. When it remanded the cause to the superior court there was no foundation for the injunction prayed for, and the action was properly dismissed. Pacific Live Stock Co. v. Lewis et al., 241 U. S. 440, 36 S. Ct. 637, 60 L. Ed. 1084.

Decree affirmed.